UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA STATE AUTOMOBILE ASSOCIATION INTER-INSURANCE BUREAU, as subrogee of George Cogan, and Mary Frances Allen,<br><br>Plaintiff(s),<br><br>v.<br><br>JOHN GUEST USA INC.; FRANKS CONSUMER PRODUCTS INC. and DOES 1 THROUGH 25 inclusive,<br><br>Defendant(s). | No. C09-2432 BZ<br><br>**ORDER GRANTING DEFENDANT JOHN GUEST INTERNATIONAL'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

In this subrogation action, California State Automobile Association Inter-Insurance Bureau ("CSAA") alleges that John Guest USA, Inc. ("Guest USA"), John Guest International Limited ("Guest International"), and Franke Consumer Products, Inc. are liable for a defective water filter that caused damages to individuals insured by CSAA.[1]  Guest International, a British corporation, has appeared specially and moved to

---

[1] All parties have consented to my jurisdiction for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

dismiss the case against it for lack of personal jurisdiction. Because Guest International is only an intermediate holding company, and another John Guest entity manufactured the allegedly defective product, I **GRANT** Guest International's motion to dismiss.  CSAA is **GRANTED LEAVE TO AMEND** its complaint so that it may add John Guest Limited as a party to this lawsuit.

As the party invoking the Court's jurisdiction, CSAA bears the burden of establishing personal jurisdiction over Guest International.  Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002).[2]  California's long arm statute, Code of Civil Procedure § 410.10, allows the exercise of personal jurisdiction on any basis consistent with the federal constitution.  Accordingly, a forum state may exercise personal jurisdiction over a nonresident defendant only if the defendant has certain "minimum contacts" with the forum "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted).  In the Ninth Circuit, "litigation against an alien defendant requires a higher jurisdictional barrier than litigation against a citizen from a sister state."  Frank Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1199 (9th Cir. 1988)(citing cases).  Courts may exercise either general or specific jurisdiction over a

---

[2]  Absent an evidentiary hearing to resolve conflicting testimony, CSAA's burden is to make a prima facie showing that personal jurisdiction exists.  Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).

nonresident defendant. <u>Helicopteros Nacionales de Columbia S.S. v. Hall</u>, 466 U.S. 408, 414 (1984). CSAA contends that this Court has both general and specific jurisdiction over Guest International.

General jurisdiction exists where a defendant's activities in the state are "substantial" or "continuous and systematic," even if the cause of action is unrelated to those activities. <u>Data Disc, Inc. v. Systems Tech. Assoc.</u>, 557 F.2d 1280, 1287 (9th Cir. 1977). This standard is "fairly high and requires that the defendant's contacts be of the sort that approximate physical presence." <u>Bancroft & Masters, Inc. v. Augusta Nat. Inc.</u>, 223 F.3d 1082, 1086 (9th Cir. 2000) (internal citations omitted).

In support of its motion, Guest International provided evidence that it is a British company which has no physical presence in California and does not do business in California. CSAA does not really dispute this showing. Rather it argues first that fittings with the trademark "JG" are currently available for purchase in California.[3] While there may be circumstances in which a court may exercise personal jurisdiction over a nonresident defendant that places a product into the stream of commerce, CSAA has provided no evidence that Guest International is the legal entity responsible for these fittings being sold in California or otherwise purposefully directed products to California. See

---

[3] Although I consider this argument because there was no objection, ordinarily only a nonresident defendant's contacts *before* the complaint was filed may be evaluated for personal jurisdiction. See <u>Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.</u>, 907 F.2d 911, 913 (9th Cir. 1990).

3

1  <u>Asahi Metal Industry Co., Ltd. V. Superior Court of</u>
2  <u>California, Solano County</u>, 480 U.S. 102 (1987); <u>Felix v.</u>
3  <u>Bomoro Kommanditgesellschaft</u>, 196 Cal.App.3d 106 (1987).
4  Guest International is only an intermediary holding company —
5  it is not the manufacturer or distributor of the fittings.
6  Because CSAA has not shown that Guest International
7  purposefully directed the product into the California stream
8  of commerce, the fact that products bearing the trademark "JG"
9  can be found in California does not warrant jurisdiction over
10 Guest International.

11      CSAA next contends that several references on John
12 Guest's website[4] result in general jurisdiction over Guest
13 International because: (1) Guest International holds itself
14 out as the "World Headquarters and Manufacturing Base" of John
15 Guest products; (2) the website directs consumers to contact
16 John Guest in the United Kingdom; and (3) the website refers
17 to the John Guest Group of Companies as being the manufacturer
18 of fittings.  These arguments, however, are not persuasive.
19 For one, passive websites that merely advertise do not result,
20 by themselves, in personal jurisdiction.  <u>See</u> <u>Panavision</u>
21 <u>Int'l, L.P. v. Toeppen</u>, 141 F.3d 1316, 1321 (9th Cir. 1998).
22 Moreover, the information on the website simply consists of
23 generalized references, and some of the material references
24 are disputed by sworn testimony.  There is no legal entity
25 named the John Guest Group of Companies.  Declaration of
26 Richard A. Lapping ¶ 6.  And according to the website, John
27 Guest Limited, and not Guest International, is in fact the
28

---

[4]     http://www.johnguest.com

1  company consumers should contact in the United Kingdom.
2  Declaration of Richard A. Lapping ¶ 9.  Lastly, another legal
3  entity, and not Guest International, manufactures John
4  Guest products.[5]  Consequently, the information on John
5  Guest's website does not establish general jurisdiction over
6  Guest International.

7      Lastly, CSAA incorrectly seeks to attribute Guest USA's
8  contacts with California to Guest International.  Guest
9  International and Guest USA are separate and distinct
10 corporate entities, with Guest International operating as a
11 passive British corporation that acts as an intermediate
12 holding company over its indirect subsidiary, Guest USA, a
13 Delaware corporation with its principal place of business in
14 New Jersey.  See Declaration of Barry Guest; Declaration of
15 Carl Tronco.  Even if Guest USA was subject to jurisdiction in
16 California, jurisdiction over an indirect subsidiary does not
17 by itself result in jurisdiction over the foreign parent
18 corporation.  Doe v. Unocal Corp., 248 F.3d 915, 925 (9th Cir.
19 2001).  CSAA has provided no evidence that Guest International
20 controls Guest USA's day-to-day operations or dominates Guest
21 USA in such a manner that they act as single entity.
22 Declaration of Barry Guest ¶ 9.  Accordingly, CSAA has not
23 established that Guest USA is an agent or the "alter ego" of

---

[5]  Guest International fails to directly support this factual contention in its supporting declaration.  But Guest International does attach Carl Tronco's deposition transcript to Richard A. Lapping's declaration.  Tronco is Guest USA's Senior Vice President of Finance and Administration and was deposed by CSAA to determine John Guest's manufacturer.  In his deposition, Tronco testified that John Guest Limited, and not Guest International, is the manufacturer.  Declaration of Richard A. Lapping, Ex. C at 14.

Guest International, and this Court does not have personal jurisdiction over Guest International stemming from Guest USA's contacts with California.[6]  See American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 591 (9th Cir. 1996); Bowoto v. Chevron Texaco Corp., 312 F.Supp.2d 1229, 1241-42 (N.D. Cal. 2004).

Where general jurisdiction is inappropriate, a court may still exercise specific jurisdiction if the defendant has sufficient minimum contacts with the forum state which are related to the plaintiff's claim.  Data Disc, Inc. v. Systems Tech. Assoc., 557 F.2d 1280, 1287 (9th Cir. 1977). In order to find specific jurisdiction: "1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable."  Roth v. Marquez, 942 F.2d 617, 620-21 (9th Cir. 1985)(emphasis omitted).

CSAA's arguments in favor of specific jurisdiction are the same as for general jurisdiction.  As explained above, none of those arguments established that Guest International purposefully availed itself of the privilege of doing business in California.  Thus, this Court does not have general or specific jurisdiction over Guest International.

Accordingly, **IT IS ORDERED** that Guest International's

---

[6] For this reason, CSAA's argument that Guest USA employs salespersons in California does not result in jurisdiction over Guest International.

motion to dismiss for lack of personal jurisdiction is **GRANTED**. CSAA is **GRANTED LEAVE TO AMEND** its complaint so that it may add John Guest Limited as a defendant. CSAA shall file its amended complaint by **November 15, 2010.**

Dated: November 3, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\CSAA V. GUEST\ORDER GRANTING INT'L MOTION TO DISMISS.BZ VERSION.wpd